## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MOJO BUILT, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 2:20-cv-02407-HLT-GEB** |
| **PRAIRIE VILLAGE, KANSAS, CITY OF,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Plaintiff MOJO Built, LLC, applied to Defendant City of Prairie Village, Kansas, to have two properties rezoned and split into two lots. Prairie Village denied the applications. MOJO now sues Prairie Village under 42 U.S.C. § 1983 for violation of its procedural due-process rights, substantive due-process rights, and equal protection. Prairie Village moves to dismiss the case. For the reasons discussed below, the Court finds MOJO has failed to plead a property interest sufficient to sustain a procedural due-process claim, conduct sufficiently outrageous to sustain a substantive due-process claim, or unequal treatment to a similarly situated third party sufficient to sustain an equal-protection claim. Accordingly, the Court grants Prairie Village's motion to dismiss.

## I.      BACKGROUND[1]

MOJO is a builder, property owner, and developer. Prairie Village is a city in Kansas. This case involves requests by MOJO to the city council of Prairie Village to rezone two properties in Prairie Village. Reinhardt Street is in Prairie Village. At issue is the stretch between 75th Street and 77th Street. As of 2018, the lots on that portion of Reinhardt are not uniform—they vary from

---

[1]    The following facts are taken from the well-pleaded allegations of the amended complaint, Doc. 12, and, consistent with the standards for evaluating motions to dismiss under Rule 12(b)(6), the Court assumes the truth of these facts for purposes of analyzing the motions to dismiss.

70 feet to 128 feet wide. As of 2018, all lots on that portion of Reinhardt were zoned in the R-1A zoning district. A second zoning category—R-1B—also existed as of 2018. Properties zoned R-1B can have a lot width of 60 feet.

In 2018, MOJO bought a property at 7540 Reinhardt ("7540"). MOJO applied to Prairie Village to rezone 7540 from R-1A to R-1B and requested to split the lot into two 60-foot lots. In March 2018, Prairie Village approved the rezoning and lot-split for 7540, which allowed MOJO to tear down the existing home on the original lot and build two single-family homes on the two new lots, which it sold for profit.

In April 2020, MOJO was under contract to purchase 7631 Reinhardt ("7631"). The 7631 lot has a width of 120 feet. MOJO applied for a rezoning from R-1A to R-1B and lot-split for 7631, as it had done for 7540. The plan was to tear down the existing home and build two new homes on the new lots. The 7631 application was consistent with R-1B zoning and lot-split requirements and was substantially identical and consistent with the 7540 project.

In June 2020, MOJO was under contract to purchase 7632 Reinhardt ("7632"). The 7632 lot has a width of 120 feet. MOJO applied for a rezoning from R-1A to R-1B and lot-split for 7632, as it had done for 7540. The plan was to tear down the existing home and build two new homes on the new lots. The 7632 application was consistent with R-1B zoning and lot-split requirements and was substantially identical and consistent with the 7540 project.

Between 2018 and 2020, the mayor and several members of the city council changed after municipal elections. On July 6, 2020, the city council took up the rezoning application for 7631. Although the Prairie Village planning commission had recommended approval of the application, the mayor and city council remanded the 7631 application back to the planning commission to consider "a broader, more holistic approach to planning in the area with significant public

engagement and to consider diversity in the housing stock in Prairie Village." On remand, the planning commission again unanimously recommended approval of the 7631 rezoning application. But on July 20, 2020, the Prairie Village mayor and city council denied the application. After the rezoning application for 7631 was denied, MOJO lost its contract to purchase 7631.

On August 3, 2020, the city council took up the rezoning application for 7632. Although the planning commission had also unanimously recommended approval of the 7632 rezoning application, the mayor and city council did not approve it. MOJO was able to close on the contract for 7632 despite the denial of the rezoning application, and it still owns that property. But it has not been able to split the lot, build new houses, and sell them for profit.

The Prairie Village city-council meetings where the applications for 7631 and 7632 were considered were conducted remotely by Zoom. During those meetings, a member of the city council appeared to be drinking a light-yellow wine in a stemless wine glass. During the considerations of the 7631 and 7632 applications, two members of the city council read from documents that had been prepared in advance of the meetings. At least one councilmember prejudged the 7631 and 7632 rezoning applications based on his earlier experience regarding the 7540 rezoning, and other members "prejudged their votes" before the hearings. Members of the city council also remarked that they had undertaken their own investigations of the rezoning applications and that Prairie Village must consider a more holistic approach to planning that considers public engagement and diversity in housing stock.

MOJO now sues Prairie Village under 42 U.S.C. §§ 1983 and 1988 for violation of procedural due process, substantive due process, and equal protection. A fourth count for "judicial review" has been voluntarily dismissed. Doc. 24.

## II.    STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it is accompanied by sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In undertaking this analysis, the Court accepts as true all well-pleaded allegations in the complaint, though it need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

## III.    ANALYSIS

### A.    Procedural Due Process

MOJO's first claim is a procedural due-process claim. MOJO alleges that Prairie Village's failure to consider and apply the *Golden* factors,[2] the prejudgment of certain city councilmembers, and the allegedly "impaired condition" (due to alcohol) of at least one city councilmember deprived it of procedural due process.

Procedural due-process claims are evaluated under a two-step process. First, a court determines whether there is a protected liberty or property interest that implicates due-process

---

[2]    The so-called *Golden* factors are factors considered by a zoning body when evaluating a request for a zoning change. *See Golden v. City of Overland Park*, 584 P.2d 130, 136 (Kan. 1978).

protections. Second, a court evaluates whether the procedures used to deprive the plaintiff of that interest were constitutionally sufficient. *Moore v. Bd. of Cnty. Comm'rs*, 507 F.3d 1257, 1259 (10th Cir. 2007).

### 1.    Protected Property Interest

The Court first decides whether MOJO has a protected property[3] interest that implicates due process. *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.*, 927 F.2d 1111, 1115 (10th Cir. 1991). Prairie Village argues that, although MOJO has pleaded a property interest in 7631 and 7632, it has not pleaded facts showing a property interest in the rezoning of the properties from R-1A to R-1B and having the lots split. Doc. 16 at 21-22. MOJO responds that it had a property interest in 7631 and 7632 under the theory of equitable conversion, meaning that it held an equitable interest in the properties because it was under contract to purchase them. Doc. 22 at 20-22. But that's not the issue. The issue is whether MOJO had a protected interest in the rezoning decision sufficient to trigger due-process considerations. It is a fair and impartial rezoning decision that MOJO alleges it was deprived of, not the underlying properties.[4]

The Tenth Circuit has concluded that there is no legitimate claim of entitlement to a particular zoning decision in Kansas. *Jacobs, Visconsi & Jacobs*, 927 F.2d at 1116-17. Whether a property interests exists depends on whether there is a "legitimate claim of entitlement." *Id.* at 1116 (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). "In the municipal land-use context—where the asserted property interest is a right to particular action or inaction by city zoning authorities—our analysis of the litigant's entitlement focuses on the level of discretion

---

3    MOJO does not allege deprivation of a life or liberty interest. Doc. 22 at 14.

4    The complaint does allege that MOJO lost its contract to acquire 7631 as a result of the rezoning decision. Doc. 12 at 10. It was able to close on 7632. *Id.* Nonetheless, MOJO's procedural due-process claim itself focuses on the alleged denial of a fair and impartial hearing on the rezoning decision, not on the loss of 7631. *Id.* at 11-15.

allowed to the zoning authority under the applicable state and local zoning laws." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1237 (10th Cir. 2016). Where a governing body retains discretion and no particular outcome is dictated, there is no property interest implicated. *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs*, 633 F.3d 1022, 1026 (10th Cir. 2011); *see also Klein v. City of Shawnee, Kan.*, 1998 WL 231074, at *1 (D. Kan. 1998) ("In any event, it is well established that the denial of a rezoning application does not trigger a property interest sufficient to invoke the procedural due process requirements of the Fourteenth Amendment.").

Here, MOJO has pleaded no facts suggesting that Prairie Village lacked discretion in the rezoning applications. *See Zia Shadows, L.L.C.*, 829 F.3d at 1237 (noting that the party asserting a property interest in a particular zoning decision has the burden to show that state or local law limits discretion and makes "the decision legally mandatory"). Although MOJO alleges that Prairie Village was required to consider the *Golden* factors as part of a quasi-judicial procedure, Doc. 12 at 11-12, 14, this does not dictate a particular outcome and create a protected property interest. *Jacobs, Visconsi & Jacobs*, 927 F.2d at 1116-17 (noting that the right to a hearing in and of itself, even with the guidance of the *Golden* factors, does not create an interest protected by the Fourteenth Amendment). Likewise, it is not significant that 7540 had previously been approved and that no intervening changes in the zoning ordinances had occurred since then, Doc. 12 at 13. *Jacobs, Visconsi & Jacobs*, 927 F.2d at 1116 (noting that the expectation of a favorable outcome is not relevant).

Accordingly, because MOJO has failed to plead facts suggesting that it had a protected property interest in the rezoning decisions of 7631 and 7632, its procedural due-process claim must be dismissed.

### 2.       Constitutionally Sufficient Procedures

Because the Court concludes MOJO has not pleaded a protected property interest, its procedural due-process claim must fail. But the Court expresses doubts as to whether MOJO could satisfy the second part of the standard as well—whether the procedures given were constitutionally sufficient. Although MOJO does not deny that it was given a hearing on the 7631 and 7632 rezoning applications, it contends the hearings were procedurally deficient for three reasons: failure to consider the *Golden* criteria, prejudgment by city councilmembers, and the alleged impairment of city councilmembers. Regarding the consideration of the *Golden* criteria, MOJO argues that consideration of those factors is a required procedure. But this is contrary to Kansas law. *See Bd. of Cnty. Comm'rs of Johnson Cnty. v. City of Olathe*, 952 P.2d 1302, 1310 (Kan. 1998) ("These [*Golden* factors] are suggested factors only."); *Landau v. City Council of City of Overland Park*, 767 P.2d 1290, 1294 (Kan. 1989) (agreeing that "analysis of the *Golden* factors is not mandated, but merely suggested for use in zoning decisions"); *see also Jacobs, Visconsi & Jacobs, Co.*, 927 F.2d at 1117. Regarding the "prejudgment" of certain city councilmembers, that allegation in the complaint is conclusory and unsupported by any facts, other than that the councilmembers undertook their own research and prepared statements ahead of time. This is insufficient to plausibly allege that the councilmembers failed to "maintain[] an open mind and . . . listen to all the evidence presented before making the final decision." *McPherson Landfill, Inc. v. Bd. of Cnty. Comm'rs*, 49 P.3d 522, 531-32 (Kan. 2002). And regarding the alleged impairment of city councilmembers, the only factual allegation underlying this is that one city councilmember was seen drinking "a light-yellow wine in a stemless wine glass" during the Zoom meetings. But this does not lead to a fair inference that one or more councilmembers were impaired. Accordingly, MOJO's procedural due-process claim fails on this factor as well.

**B.      Substantive Due Process**

MOJO also alleges a substantive due-process violation. A substantive due-process violation can arise out of an arbitrary deprivation of a property right.[5] *Camuglia v. City of Albuquerque*, 448 F.3d 1214, 1222 (10th Cir. 2006); *see also Jacobs, Visconsi & Jacobs, Co.*, 927 F.2d at 1119 ("[C]ourts have limited their review of quasi-legislative or quasi-judicial zoning decisions in the face of a substantive due process challenge to determining whether the decision was 'arbitrary and capricious.'"). The standard is not arbitrary in the usual sense, nor does it simply refer to an unreasonable decision. *Klein*, 1998 WL 231074, at *4. Rather, it must entail a "high level of outrageousness" that "shocks the conscience of federal judges." *See Klen v. City of Loveland, Colo.*, 661 F.3d 498, 513 (10th Cir. 2011) (internal quotations and citations omitted).

Prairie Village moves to dismiss the claim because MOJO has not pleaded facts rising to the level of outrageousness required to support a substantive due-process claim. Doc. 16 at 20-21. In response, MOJO only points to the allegations underlying its procedural due-process claim, particularly the alleged prejudgment and impairment of certain councilmembers and the similarity of 7631 and 7632 to the 7540 project. Doc. 22 at 19. As noted above, the allegations of prejudgment are largely conclusory and are based on the fact that members of the city council did their own

---

[5]    As noted above, the Court finds MOJO had no protected property interest in its requested rezoning decision, which would call into question whether it can pursue a substantive due-process claim at all. *See Crider v. Bd. of Cnty. Comm'rs*, 246 F.3d 1285, 1289 (10th Cir. 2001) ("To state a cognizable substantive due process claim, Paradise Lane Owners must first allege sufficient facts to show a property or liberty interest warranting due process protection."). But MOJO's substantive due-process claim is slightly different than the procedural due-process claim, in that it alleges that the denials of the rezoning applications "were made in conscious, known, arbitrary and intentional disregard for Plaintiff's property interest in 7631 and 7632 because the City's denial decisions were intentionally made to deprive Plaintiff of property and income . . . ." Doc. 12 at 17 (also noting that the actions of Prairie Village "took MOJO's property interest and income in the redevelopment of 7631 and [7632]"). Thus, it is unclear—and the parties do not address it—whether MOJO is pursuing a different type of property interest in the substantive due-process claim than in the procedural due-process claim, and whether the alternative interest asserted would be sufficient. *See Jacobs, Visconsi & Jacobs, Co.*, 927 F.2d at 1119 (noting an asserted substantive due-process interest "in making reasonable use of their property free from arbitrary and capricious restrictions imposed by the application of zoning laws" and questioning whether that is sufficient to trigger substantive-due process guarantees). Regardless, because the Court finds that MOJO has not pleaded facts that would otherwise support a substantive due-process violation, it need not decide this issue.

research and prepared ahead of time. This does not reach the high level of outrageousness required to sustain a substantive due-process claim.[6] Nor does MOJO's allegation that "members" of the city council were impaired rise to that level. Again, this allegation is conclusory. The <u>only</u> fact in the complaint even related to this is that, during the Zoom city council meetings, one member of the city council "appeared to be consuming alcoholic beverages as a light-yellow wine in a stemless wine glass." Doc. 12 at 10. Even accepting this as true, and without condoning drinking alcohol during a city-council meeting, this lone allegation does not support a fair inference that multiple members of the city council were "impaired" during the rezoning decisions on 7631 and 7632, let alone rise to the high level of outrageousness necessary to support a substantive due-process claim.

Perhaps recognizing that the complaint falls somewhat short on this score, MOJO also contends that discovery may ultimately show that Prairie Village's actions were in fact "undertaken with a such a degree of outrageousness that the magnitude thereof is truly conscious shocking." Doc. 22 at 19. But hopes of uncovering facts in discovery based on conclusory allegations does not satisfy the pleading requirements of Rule 12(b)(6). *Iqbal*, 556 U.S. at 678-79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Accordingly, MOJO has failed to allege sufficient facts to sustain a substantive due-process claim.

---

[6]   Indeed, the complaint asserts that these councilmembers "had determined that the City must consider a broader[,] more holistic approach to planning in the area with significant public engagement and to consider diversity in the stock in Prairie Village in determining whether the 7631 Rezoning should be approved or denied." Doc. 12 at 13. While the Court does not opine on the ultimate merits of any rezoning decision in this case, this hardly seems to place the rezoning denial beyond the conceivable bounds of a city's zoning authority. *See Norton v. Vill. of Corrales*, 103 F.3d 928, 932-33 (10th Cir. 1996).

### C.   Equal Protection

MOJO's third claim is for denial of equal protection. It alleges it was treated differently between the 7540 rezoning application, which was approved, and the 7631 and 7632 rezoning applications, which were denied, even though the properties were substantially similar and the same rules applied. Doc. 12 at 18-25.

The Fourteenth Amendment prohibits a state from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "A violation of equal protection occurs when the government treats someone differently than another who is similarly situated." *Jacobs, Visconsi & Jacobs, Co.*, 927 F.2d at 1118. Although equal-protection caselaw typically focuses on the existence of a particular protected class, a plaintiff may proceed under a "class of one" theory in a zoning case "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215-16 (10th Cir. 2011) (quoting *Vill. of Willowbrook v. Olech*, 528 U. S. 562, 564 (2000)).

Prairie Village argues that MOJO fails to state an equal-protection claim because it is comparing its <u>own</u> prior treatment on a different piece of property, rather than comparing itself to <u>others</u> who are similarly situated. Doc. 16 at 23-24. MOJO, in turn, seeks to draw comparisons between itself in seeking rezoning of 7540, versus itself in seeking rezoning of 7631 and 7632, arguing that the properties were identical in all material respects. Doc. 22 at 25. MOJO claims that there is no requirement in an equal-protection claim that a comparison cannot be drawn between the same party. *Id.* at 26.

The Court disagrees. The standard applied in equal-protection cases, which MOJO cites, contemplates the existence of a third-party to compare against. *See Jacobs, Visconsi & Jacobs,*

*Co.*, 927 F.2d at 1118 ("A violation of equal protection occurs when the government treats someone differently <u>than another</u> who is similarly situated." (emphasis added)). That MOJO is proceeding under a "class of one" theory does not obviate the need to compare to a third party who is similarly situated. *See Vill. of Willowbrook*, 528 U.S. at 564 ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently <u>from others</u> similarly situated and that there is no rational basis for the difference in treatment." (emphasis added)); *see also Kan. Penn Gaming, LLC*, 656 F.3d at 1216. Other courts have been more explicit in stating that a third-party comparison is required. *Wyrostek v. Nash*, 984 F. Supp. 2d 22, 29 (D.R.I. 2013) ("Importantly, both [traditional equal-protection and class-of-one] theories require that the plaintiff prove dissimilar treatment vis-à-vis similarly situated third parties.").

Other courts have also outright rejected self-comparison. *See Carruth v. Bentley*, 942 F.3d 1047, 1058-59 (11th Cir. 2019) ("Carruth has cited no case in which this Court, the United States Supreme Court, the Supreme Court of Alabama, or any other court, for that matter, has held that a plaintiff can make out a class of one claim by using an earlier version of <u>himself</u> as the 'similarly situated' comparator." (emphasis in original)); *Snyder v. Gaudet*, 756 F.3d 30, 36 (1st Cir. 2014) ("We are doubtful Snyder can use himself as his own comparator, as accepting that approach would have broad implications, converting any claim of retaliation (for any reason) into an equal protection case, and effectively eliminating the differential treatment element of equal protection claims.").

Here, MOJO only has pleaded dissimilar treatment of <u>itself</u> between its application to rezone 7540 and its subsequent applications to rezone 7631 and 7632. Contrary to MOJO's unsupported assertion in its brief, Doc. 22 at 26, the law does not support such a self-comparison

equal-protection claim. Allowing parties to compare themselves anytime a subsequent zoning decision goes against them would be contrary to the "strict reading" of the comparison element applied in class-of-one cases out of concern that all zoning decisions not become subject to constitutional review as a matter of course. *See Kan. Penn Gaming, LLC*, 656 F.3d at 1217-18. Accordingly, MOJO has failed to state an equal-protection claim because it has failed to plead dissimilar treatment from another similarly situated third party.

> **D.     Judicial Review**

MOJO's fourth claim sought judicial review of the zoning decision. Doc. 12 at 25-28. Prairie Village's motion requests that the Court decline to exercise supplemental jurisdiction over this claim if the other claims are dismissed. But after Prairie Village filed its motion, MOJO voluntarily dismissed the judicial-review claim. Doc. 24. Accordingly, the Court does not reach this issue.

## IV.     CONCLUSION

THE COURT THEREFORE ORDERS that Prairie Village's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 15) is GRANTED. MOJO's amended complaint is dismissed without prejudice.

IT IS SO ORDERED.

Dated: March 4, 2021                     /s/ *Holly L. Teeter*
                                          HOLLY L. TEETER
                                          UNITED STATES DISTRICT JUDGE